IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LA'RON MARSHALL,

    Plaintiff,

v.                                              Civil Action No. 5:10CV52
                                                          (STAMP)

ANDREW MOUSE, ROBERT MALONE,
ATHANASIOS PALIOTHEODOROS,
KEVIN KAMICKER, NATHAN BEAM,
ROBERT LONGERBEAM, ADAM McCORMICK,
JEFFREY OATES, ERIC PHILLIPS,
WARDEN CHEATHAM, CAPT. BERGAMI,
PATRISKO, DR. VAZQUEZ,
and DR. RAMIREZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

I.    Background

The plaintiff, La'Ron Marshall, proceeding pro se,[1] filed a civil rights complaint against the above-named defendants on May 13, 2010 asserting that the defendants subjected him to excessive force, failed to properly treat his injuries, and failed to investigate his alleged assault in violation of his constitutional rights. The plaintiff later filed a motion to amend his complaint under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which establishes a direct cause of action under the Constitution of the United States against federal

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

officials for violation of federal constitutional rights.  <u>Bivens</u>, 403 U.S. at 397.  The Court granted the plaintiff's motion to amend on June 25, 2010, and this case proceeded as a <u>Bivens</u> action.  On July 13, 2010, the Court conducted a preliminary review of the file and, after determining that summary dismissal was not appropriate, directed the defendants to file an answer to the complaint.

On November 17, 2010, the defendants filed a motion to dismiss or in the alternative motion for summary judgment.  Subsequently, the plaintiff filed a motion to extend his time to respond to the defendants' motion to dismiss or in the alternative for summary judgment in order to obtain affidavits and secure additional evidence.  Although the Court granted this motion and allowed the plaintiff to conduct limited discovery, the plaintiff never filed a response to the defendants' motion for summary judgment.[2]

On July 25, 2011, United States Magistrate Judge David J. Joel issued a report and recommendation, in which he recommends that the defendants' motion for summary judgment be granted and the plaintiff's complaint be dismissed with prejudice. Specifically, the magistrate judge held: (1) the plaintiff has failed to exhaust his administrative remedies; (2) defendants Vazquez and Ramirez were never served a copy of the summons and complaint; (3) the

---

[2] In granting the plaintiff's motion for an extension of time to respond, the Court construed the defendants' motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

claims against Vazquez, Ramirez, Cheatham and Bergami in their official capacities must be dismissed; (4) the claims against Vazquez and Ramirez in their individual capacities must be dismissed; (5) Vazquez, Ramirez, Longerbeam, McCormick and Oates cannot be held liable because they were not personally involved in the alleged assault of the plaintiff; (6) defendants Cheatham, Bergami and Patrisko are entitled to judgment as a matter of law because there is no evidence that their investigation was inadequate or improper; and (7) the plaintiff has failed to state a claim of excessive force against defendants Mouse, Malone, Paliotheodoros, Kamicker, Beam and Phillips.

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1), any party objecting to his proposed findings and recommendation must file written objections within fourteen (14) days after being served with a copy of the report. Neither party filed objections. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

3

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In his complaint, the plaintiff alleges that on January 19, 2009, he was assaulted by several staff members while incarcerated at the United States Penitentiary ("USP") in Hazelton, West Virginia.[3] The plaintiff contends that he suffered serious injury as a result of the alleged assault, that he did not receive appropriate medical treatment following the alleged incident, and that the Bureau of Prisons ("BOP") staff failed to investigate this assault.

In their motion for summary judgment, the defendants assert that they are entitled to judgment as a matter of law for the following reasons: (1) the plaintiff failed to properly exhaust administrative remedies prior to filing suit; (2) the plaintiff's claims against defendants McCormick, Oates, Longerbeam, Bergami, Cheatham, Petrikso, Ramirez and Vazquez should be dismissed for lack of personal involvement; (3) the plaintiff fails to establish a violation of his constitutional rights for which relief may be granted under the Eighth Amendment; (4) the defendants are entitled

---

[3]The plaintiff was designated to USP-Hazelton from July 3, 2007 until February 18, 2009. He is currently incarcerated at the Federal Correctional Institution at Talladaga, Alabama.

4

to qualified immunity; and (5) the plaintiff's complaint fails to establish a claim for which relief may be granted for a violation of the Eighth Amendment. In his report and recommendation, the magistrate judge addressed each of these claims, which this Court now reviews for clear error.

A.  <u>Exhaustion of Administrative Remedies</u>

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under any federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under § 1997e(a) is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case <u>sua sponte</u>. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to <u>Bivens</u> are subject to administrative exhaustion requirements of the PLRA. <u>Porter</u>, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, <u>et seq</u>. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11

5

and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

In this case, as noted in the magistrate judge's report and recommendation, the plaintiff has failed to properly exhaust his administrative remedies. The plaintiff initiated the grievance process at the wrong level, and despite being advised on multiple occasions of the proper way to exhaust his administrative remedies, he failed to comply with those instructions. This Court agrees that to the extent the plaintiff asserts that BOP staff prevented

him from properly exhausting his administrative remedies, the plaintiff has provided no evidence in support of this claim. This Court finds no clear error in the magistrate judge's conclusion that the plaintiff failed to exhaust his administrative remedies.

B. <u>Defendants Vazquez and Ramirez</u>

Even if the plaintiff had exhausted his administrative remedies, this Court concurs that there are other grounds upon which the dismissal of the complaint is based. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, it is undisputed that neither Vazquez nor Ramirez was served a copy of the summons and the complaint. Moreover, the plaintiff failed to respond to the defendants' request to dismiss Vazquez and Ramirez.

Assuming Vazquez and Ramirez had been properly served pursuant to Rule 4(m), this Court agrees that the claims against them in both their official and individual capacities must be dismissed. First, remedy under <u>Bivens</u> may not be sought in the individual's official capacity. <u>See</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 485 (1994). Further, the claims against these two defendants in their individual capacities must also be dismissed because neither of

7

them had any personal involvement in the alleged violation of the plaintiff's rights. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (stating that liability in Bivens is "personal, based upon each defendant's own constitutional violations."). Because the plaintiff has shown no personal involvement on the part of these defendants, this Court finds no clear error in the magistrate judge's holding that these defendants cannot be held liable under Bivens.

C.  Defendants Longerbeam, McCormick and Oates

Similarly, defendants Longerbeam, McCormick and Oates had no personal involvement in the alleged assault of the plaintiff. A review of the record reveals that these three defendants were escorting the plaintiff's cell mate to a different room when the incident occurred. Thus, they were not present to intervene on the plaintiff's behalf and they could not have been deliberately indifferent to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 828 (1994) (holding that prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it). This Court agrees that because there is no evidence that any of these three defendants knew the plaintiff faced a substantial risk of serious harm, these defendants should be dismissed from the case.

8

D.   Defendants Bergami, Cheatham and Patrisko

Like these defendants mentioned above, defendants Bergami, Cheatham and Patrisko were not present when the alleged assault occurred. According to the plaintiff, these defendants are higher ranking officials and supervisors who failed to properly investigate the incident. However, as the magistrate judge properly noted, respondeat superior is not applicable in Bivens, and the plaintiff has not met his burden of showing that the supervisors tacitly authorized or were indifferent to the alleged constitutional violations. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Moreover, this Court finds no clear error in the magistrate judge's conclusion that the plaintiff has not produced sufficient evidence to show that the investigation of the incident conducted by these defendants was inadequate or improper. Thus, this Court agrees that these three defendants are entitled to judgment as a matter of law.

E.   Defendants Mouse, Malone, Paliotheodoros, Kamicker, Beam and Phillips

As the magistrate judge stated, the Eighth Amendment prohibits cruel and unusual punishment. To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind."

9

Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. However, "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In this case, it is undisputed that the plaintiff caused a disturbance in his cell and that a "use of force team" was formed to remove him from his cell. It is also undisputed that after the incident, the plaintiff was examined by a nurse and his injuries were determined to be minor. An investigation into the incident occurred, and defendant Mouse was sanctioned for directing the camera to be stopped and restarted.[4] This Court agrees that considering all the facts, the need for force was necessary and the force used was reasonable in light of the plaintiff's behavior. See Whitley v. Albers, 475 U.S. 312, 320 (1986) (stating that with regard to prison disturbances, "prison officials undoubtedly must

---

[4] At the conclusion of the investigation, a finding was made that defendant Mouse failed to follow BOP policy when he instructed the camera operator to stop filming the incident involving the plaintiff and rewind the tape.

take into account the very real threats the unrest presents to inmates and prison officials alike, in addition to the possible harms to inmates against whom force might be used."). Thus, this Court finds that the plaintiff has failed to state a claim of excessive force and the defendants are entitled to judgment as a matter of law.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the defendants' motion for summary judgment is GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:      August 17, 2011

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE